United States District Court
for the District of Columbia

Jean Marc Nken
A# 95223548
Howard County Detention Center
7301 Waterloo Road
Jessup, MD 20794

| | | |
|---|---|---|
| Jean Marc Nken, | ) | Case No. 08-cv-1010 (CKK) |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | Emergency Petition |
| | ) | for Habeas Corpus, |
| Michael Chertoff, Secretary of | ) | Injunctive Relief, and |
| Department of Homeland Security, | ) | Stay of Removal |
|    Respondent | ) | |

## SUPPLEMENTAL MEMORANDUM ON
## REAL ID ACT JURISDICTIONAL ISSUES

1.      This memorandum is being filed in response to the request by Judge Kollar-Kotelly during a telephone conference with counsel for the parties on June 16, 2008 for additional information focused on jurisdictional issues raised by the REAL ID Act.  It is the position of the Petitioner that the REAL ID Act does not preclude this Court's jurisdiction over the instant Petition.

2.      There are four reasons why the instant Petition for Habeas Corpus should not be held subject to the provisions of the REAL ID Act which restrict the jurisdiction of the U.S. District Courts over judicial proceedings associated with deportation proceedings, and limit judicial review to Petitions for Review filed with U.S. Courts of Appeal.

3.      First, the allegations covered by this Petition would highly likely not be accepted by a Circuit Court as suitable for the Petition for Review process, since they involve issues, namely

those associated with the arbitrary operation of the ISAP parole supervision program, and the issue of Due Process violations if the pending Motion to Reopen is not allowed to be completed, that are not part of an appeal of deportation proceedings before the Immigration Courts. They are associated with matters that transpired separate and apart from the deportation proceedings, and that took place subsequently to those proceedings. A Circuit Court in Petition for Review proceedings is limited to the record of the case in the proceedings below in the immigration courts. The operation of the ISAP program is not covered in the remotest way by that immigration court record, and any appellate action taken on a Motion to Reopen would not be available in this case as a practical matter once the Petitioner is deported. Habeas must remain available to the Petitioner to obtain judicial review over matters extraneous to the deportation proceedings themselves. To hold otherwise would raise grave Constitutional concerns under the Suspension Clause, since it would eliminate judicial review over legal and Constitutional issues that habeas would ordinarily address in the absence of the habeas stripping provisions of REAL ID, where an "adequate, effective and equivalent" form of judicial review as not been provided. If the Court determines that REAL ID applies to this case, the Suspension Clause issue would then have to be addressed, consistent with the Supreme Court's decision in the *Boumediene* case issued on June 12, 2008. *See Boumediene v. Bush*, case no. 06-1195, 553 U.S. ___ (2008).

4.      Second, the specific language and terminology of the REAL ID Act's court stripping provisions are keyed very specifically to limits on judicial review over "a final order" issued by the Immigration Courts, and cover only "any action taken or proceedings brought to remove an alien from the United States." Section 106(a)(2) of REAL ID amending 8 U.S.C. section 1252(b)(9). Similarly, section 106(a) of REAL ID (U.S.C. section 1252(a)(5)) speaks to making petitions for review to the Courts of Appeal "the sole and exclusive means for judicial review of

2

an order of removal….” This Habeas Petition does not seek to challenge the legal sufficiency of the final order of removal by the Immigration Courts, but rather to raise legal and Constitutional issues associated with denial of Due Process if the Motion to Reopen process is not permitted to be completed, and the arbitrary nature of the ISAP parole supervision program that have placed the Petitioner in the position of being improperly and arbitrarily made subject to deportation because of alleged non-compliance with ISAP's requirements.   Instead, Petitioner asks this Court to prevent the abuses of power associated with how the Government arbitrarily administered the ISAP program in the Petitioner's case and forced him into non-compliance as a result, and how premature deporation is being used to deny consideration of his Motion to Reopen.

5.      Government's counsel incorrectly cites Section 1252(g) in support of their position that REAL ID precludes the exercise of jurisdiction by the district courts in this case, without taking account of the Supreme Court's very specific determination that the language of 1252(g) should be very narrowly construed so as not to eliminate judicial review over matters outside of the discretion of the Attorney General.  *See Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 477-87 (1999).   In this case, the Attorney General [now the Secretary of Homeland Security] does not have the lawful discretion to execute a removal order while legally authorized judicial proceedings are pending.

6.      Deportation may well be the result of any arbitrary and unlawful actions by the Government associated with its operation of its detention and parole policies and programs, where such operation results in improper findings of noncompliance that place an alien in the position of being removed.  But by its specific and literal terms, the terminology of REAL ID focuses on limiting judicial review to the substance of the deportation proceedings themselves,

not the fact of deportation. Indeed, the REAL ID statute, as the Government itself has acknowledged in a number of cases, recognizes that habeas remains available to challenge detention and other issues not part of the decisions of the immigration courts that are subject to the petition for review appeal process. The statute specifically requires that federal district courts maintain jurisdiction over habeas issues that do not directly challenge removal proceedings, or that relate to facts or legal issues associated with those proceedings, and the results of those proceedings. REAL ID's legislative history confirms that the transfer provisions of section 106 of the statute were not intended to "preclude habeas review over challenges to detention [or for that matter other legal issues] that are independent of challenges to removal orders." 151 Cong. Rec H2813, 2873 (May 3, 2005). Further confirmation of this intent comes from language in the legislative history regarding transfers of pending habeas cases to the Courts of Appeals that specifies that only "the part of the case that challenges the order of removal, deportation, or exclusion" should be transferred. Section 106 (c) (emphasis added). No such question of law or fact arising from the removal proceedings, or challenging the content or results of those proceedings, are at issue in this Habeas Petition.

7.      Petitioner seeks only a stay of deportation to allow these issues to be considered by the Court. Petitioner is not challenging the deportation order itself. It misconstrues the purposes of the Petition to mistakenly characterize and treat is as challenging deportation, when the purpose of seeking a stay is simply to allow the broader constitutional issues to be considered.

8.      Third, case precedent from a number of jurisdictions confirms that habeas jurisdiction remains to deal with issues not tied directly to review of removal proceedings or the results of those proceedings. *See, e.g. Singh v. Gonzales*, 499 F.3d 969, 972 (9th Cir. 2007). Courts have recognized the distinction that the Petitioner is making between challenges to the validity of

4

immigration court proceedings on one hand, and challenges based on a agency's failure to properly apply and adhere to other statutory and constitutional standards not directly tied into deportation proceedings before immigration courts. For example, district courts have maintained jurisdiction over challenges to the legality of detention and continued detention, *Bonhometre v. Gonzales*, 414 F.3d 442, FN4 (3rd Cir. 2005) (citing H.R. Conf. Rep. No. 109-72, at p.175 (2005)); the decision to deport an asylee without providing a hearing on the elimination of his asylum status, *Singh v. Chertoff*, 2005 WL 2043044 (N.D. Cal. 2005); a claim seeking injunctive relief to delay removal so the petitioner could care for his terminally ill wife until her death, *Cretu v. Chertoff,* 2005 WL 1630541 (W.D.La. 2005); and a challenge to how choice of removal country was made. *Ali v. Gonzales,* 421 F.3d 795, 797 n. 1 (9th Cir.2005). *See also Puri v. Gonzales,* 464 F.3d 1038, 1041 (9th Cir.2006) ("the REAL ID Act's jurisdiction-stripping provisions ... does [sic] not apply [if the] claim is *not a direct challenge to an order of removal* ") (emphasis added). *See also Aguilar v. ICE*, 510 F.3d 1, 11 (1st Cir. 2007) ("There is no reason to believe that section 1252(b)(9)'s exception for independent claims is restricted to those related to detention"); *Kumarasamy v. Att'y Gen.,* 453 F.3d 169, 172 (3d Cir.2006) (habeas petition appropriate to challenge whether petitioner received proper notice of removal order).

9.  These cases make clear that a petitioner retains the right to file a habeas corpus petition despite the passage of REAL ID as long as the petition does not challenge the removal order itself, even though it may have an effect on a removal order or an alien's status. *See Singh v. Gonzales*, 499 F.3d at 979 (district court had habeas jurisdiction over an issue independent of the removal order, "notwithstanding [Petitioner's] ultimate goal or desire to overturn that final order of removal"). Petitioner's claims regarding mistreatment under the ISAP program leading to his alleged non-compliance status and resulting deportation, and his claims regarding the Due

Process requirement that he be given an opportunity to have his Motion to Reopen properly considered, must be considered legally and factually distinct from the removal proceedings resulting in the outstanding order of deportation.

10.     Fourth, to hold that the Government is free, as a practical matter, to deport an individual at any time and for any reason without permitting any form of judicial review of that decision and action, based on the argument that REAL ID prevents questioning of a deportation except through the regular petition for review process, would leave the incongruous situation of authorizing the Government to accomplish deportations without challenge, irrespective of the nature or circumstances of the Government's action, in any situation where a petition for review was not available as a potential remedy.  It would do away, as a practical matter, with statutory provisions and regulations authorizing petitions for reopening based on changed country conditions or inadequate assistance of counsel.  The right to submit such petitions, and to have them heard and considered on a reasonable basis, which is fully recognized by statute and by court decisions, would be eviscerated by a decision that would leave the Government free to deport irrespective of the pendency of such claims and proceedings, as is the situation in the present case.

11.     The Petitioner in this case is not challenging his removal proceedings or the determination of his removability based on those proceedings.  Petitioner is arguing that his removal prior to adjudication of his motion to reopen would violate Due Process and the Convention Against Torture, and that his removal based on the arbitrary implementation of the ISAP program would be similarly unreasonable and unlawful.  The issue of whether the deportation of an alien while he has a pending Motion to Reopen his Convention Against Torture

proceedings would violate the Convention and its implementing legislation is a separate issue from that of the initial decision finding the alien deportable.

12.     Petitioner also is challenging Department of Homeland Security policies regarding the ISAP program, or at the very least a failure of the agency to ensure that its policies are being properly observed and implemented on a non-arbitrary basis.  The Petitioner is facing imminent deportation as a direct result of being subjected to arbitrary and irrational supervision requirements under the ISAP program.  These requirements were used as a means to put Petitioner in a position of being unable to comply with his Supervision Order so that ICE officials could arrest him and subject him to immediate deportation.  The issue of the proper functioning of the ISAP program, and its use as a tool to deprive aliens of their due process liberty interests, does not arise from Petitioner's removal proceedings.

## CONCLUSION

13.     The REAL ID Act does not preclude challenges to issues independent of the removal proceedings and order, such as Petitioner's challenge to the arbitrary application of the ISAP program so as to deprive him of protected liberty interests and the violation of his Due Process right to have his pending Motion to Reopen properly considered.  This Court therefore has jurisdiction over this Petition for Habeas Corpus, notwithstanding the REAL ID Act jurisdictional restrictions.

Respectfully submitted this 16th day of June, 2008 by:


\_\_\_/s/_____
Morton Sklar (DC Bar # 144139)
Executive Director
and
Lynsay Gott
Equal Justice Works Fellow and
Refugee Project Associate
Human Rights USA
2029 P Street NW, Suite 301
Washington, DC  20036
Ph: 202-296-5702
Fax: 202-296-5704
Lgott@humanrightsusa.org
*Counsel for the Petitioner*

## CERTIFICATE OF SERVICE

This is to certify, under penalty of perjury, that a true and complete copy of Petitioner's Supplemental Memorandum on REAL ID Jurisdictional Issues was filed by electronic filing under the Court's ECF system, and that a copy was served on this date to opposing counsel by electronic mail as indicated below:


Elizabeth Stevens
U. S. DEPARTMENT OF JUSTICE
Office of Immigration Litigation
Ben Franklin Station
P. O. Box 878
Washington, DC 20044
email: elizabeth.stevens@usdoj.gov


Signed and certified to this 16th day of June, 2008 by:


_____/s/_____
Lynsay Gott
Equal Justice Works Fellow and
Refugee Project Associate
Human Rights USA

9