United States District Court
for the District of Columbia

| | |
|---|---|
| Jean Marc Nken,       )<br>    Petitioner,            )<br>                              )<br>v.                           )<br>                              )<br>Michael Chertoff, Secretary of    )<br>Department of Homeland Security, et al.,   )<br>    Respondents          ) | Case No. 08-cv-1010 (CKK)<br><br>Joint<br>Status Report |

**JOINT STATUS REPORT**

Petitioner, by and through counsel, and Respondents, by and through counsel, hereby respectfully submit this joint status report in response to the Court's June 30, 2008 order.

The parties state as follows:

   I.   **FACTUAL BACKGROUND**

1.   On June 13, 2008 Petitioner filed an Emergency Petition for Writ of Habeas Corpus, Injunctive Relief, and Stay of Removal.

2.   The Court held telephonic hearings on Monday, June 16, 2008, and Tuesday, June 17, 2008, with counsel for both parties participating.

3.   On June 18, 2008, the Court issued an Order and separate Memorandum Opinion dismissing the portion of the Petition that requested an emergency stay of removal. The Court cited 8 U.S.C. § 1252, which precludes judicial review of removal orders, and the Court noted Petitioner would likely be removed before the Fourth Circuit obtained jurisdiction over his request for a stay of removal.

4.      On June 19, 2008, ICE officials took Petitioner to Baltimore Washington International Airport to remove him. ICE officials were unable to carry out Petitioner's removal order because of his continued objections to his removal.

5.      On June 23, 2008 the BIA denied Petitioner's Motion to Reopen.

6.      On June 27, 2008, Petitioner filed a First Amended Petition for Writ of Habeas Corpus.

7.      On June 30, 2008, counsel for the Respondents notified counsel for the Petitioner of the BIA's decision and faxed a copy of the decision to counsel for the Petitioner. [Petitioner's counsel in the habeas matter do not represent Petitioner in his proceedings before the BIA.]

8.      On July 9, 2008, counsel for both parties held a telephonic status conference. The parties discussed their respective positions on the legal issues and procedural issues, as discussed in Part II, below. They also discussed settlement. Counsel for Respondents indicated this was not a strong case for settlement.

9.      Petitioner is currently detained pursuant to 8 U.S.C. § 1231(a), at the Howard County Detention Center in Jessup, Maryland.

## II.     THE PARTIES' POSITIONS

### A.  PETITIONER'S POSITION

10.     Petitioner plans to file a Petition for Review with the Fourth Circuit on or before July 23, 2008, within the authorized 30 day period for appeal of the BIA's denial of the Motion to Reopen. It is Petitioner's position that the BIA's denial of the Motion to Reopen, and the filing of a Petition for Review appeal of this action with the Fourth Circuit, do not alter the viability of the substantive aspects of his habeas corpus claim. The viability of the claims raised in a habeas petition is based on the facts as they existed when the original petition was filed, as Judge Hogan

indicated in the hearing on July 8, 2008 by the federal D.C. District Court on the consolidated Guantanamo Bay Detainees cases, on remand from the Supreme Court. Factual changes do not automatically moot out habeas claims that were valid and viable at the time the habeas petition was filed. This Court can and should still consider whether the Government actions complained of constituted Due Process violations when they occurred, regardless of any subsequent factual changes or developments.

11.    Petitioner's claims of Due Process violations remain intact despite the BIA's decision. Petitioner is appealing the BIA's decision to the Fourth Circuit in a timely fashion, and thus legal proceedings in his case are still pending, just as was true to Petitioner's knowledge when the Petition was initially filed and amended. In addition, Petitioner still faces deportation while his CAT claim is pending as a direct result of Due Process violations in the way that Immigration and Customs Enforcement (ICE) handled the Petitioner's supervised parole process under the ISAP program. The BIA's decision did not and could not address or resolve any of the constitutional issues raised in the habeas petition because the immigration courts are bound to apply the legal standards as given and cannot deal with underlying legal or constitutional questions. Neither can the Petition for Review appeal of the BIA's decision, shortly being filed before the Fourth Circuit, address or resolve the issues raised in the habeas petition, since that review is limited to the record of the administrative procedures below and does not permit fact finding by the court as a habeas proceeding would.

12.    The issues covered by the habeas petition took place outside of, and subsequent to, the deportation proceedings in the immigration courts. As stated in the Amended Petition, the Petition for Review (PFR) process, which REAL ID sets out as a substitute procedure for habeas

corpus for aliens challenging final orders of removal, is not an adequate and effective substitute for this type of habeas challenge.

13.     It is the Petitioner's position that the Court should reconsider granting a stay of removal in light of the BIA's decision, and the reality that decision presents of leaving the Petitioner at risk of being deported without having access to any form of judicial review of the constitutional issues raised in his habeas petition.  Petitioner still faces deportation while a claim is pending and could be deported before the Fourth Circuit can consider that claim.  Furthermore, the Fourth Circuit can only consider the issues raised in the Motion to Reopen, based on the administrative record, and cannot address the issues raised in the habeas petition to determine whether a stay of removal is warranted on the basis of the broader habeas issues the Petitioner has raised before this Court.  DHS's attempt to deport the Petitioner on June 19, 2008 provides dramatic proof of the legitimacy of the Petitioner's fear of being deported while his claim is pending, and that DHS fully intends to deport the Petitioner while his claim is pending regardless of the Due Process or Convention Against Torture implications.

14.     Additionally, it is Petitioner's position that venue and jurisdiction properly lie in this Court because Petitioner is not directly challenging his physical confinement but is challenging Government actions taken as part of the ISAP supervision program, and challenging deportation while legal claims are pending.  Venue is proper in the District of Columbia because the core of the actions challenged are those taken by DHS officials in DC as part both of the creation and supervision of the ISAP program, and how the ISAP program as supervised by the Respondent was applied to the Petitioner, as well as how the decisions were made to deport the Petitioner while his proceedings were pending.

15.     With respect to briefing needs, Petitioner believes that briefing is necessary on a number of issues, including those noted above regarding the adequacy of the Petition for Review process as a substitute for habeas.  The critical legal issues that deserve briefing fit in three general categories of questions: 1) jurisdictional and venue matters, and issues concerning alleged mootness based on changed factual circumstances; 2) whether Petitioner's claims fall outside the scope of the REAL ID Act because they raise independent issues separate from the deportation proceedings and order, or whether, if REAL ID is interpreted to prohibit habeas jurisdiction over Petitioner's claims, the habeas jurisdiction stripping provisions as applied to Petitioner are in violation of the Suspension Clause of the U.S. Constitution; and 3) whether deporting an alien while legal proceedings are pending would violate Due Process and the Convention Against Torture.

16.     Petitioner does not believe that these remaining issues can be adequately dealt with by focusing solely on the Respondent's plan to submit a Motion to Dismiss, in part because the issues posed go beyond simply jurisdictional and mootness matters.  As explained in the section below, setting out Respondent's Position, Respondent takes the position that this Court lacks jurisdiction under laws that eliminate habeas jurisdiction over challenges arising from removal orders, even if they are "collateral" to removal, and that once a final order of removal is issued it "is reviewable only in the appropriate court of appeals."  These positions raise factual and legal issues regarding the scope and interpretation of REAL ID and related laws and regulations that require the type of legal briefing and judicial review that the Petitioner is seeking through his habeas petition.  They also raise the Suspension Clause concerns that the Petitioner has identified, since, if the Petition for Review process is indeed the only available form of judicial

access as Respondent contends, then the Suspension Clause issues must be addressed by this Court before dismissal is considered.

17. Petitioner proposes adoption of a briefing schedule addressing these remaining issues, calling for simultaneous submissions of briefs by both parties 30 days from the date of the Court's order setting a briefing schedule, with no responses.

18. With respect to discovery needs, Petitioner believes discovery is necessary and appropriate in this case so that he may receive the "careful consideration and plenary processing of [his] claims including full opportunity for presentation of the relevant facts" to which he is entitled. *Harris v. Nelson*, 394 U.S. 286, 298 (1969). Petitioner seeks the opportunity to engage in discovery in order to fully develop the facts of his claim and prove that the Respondent has violated Petitioner's Due Process rights. *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995).

19. Petitioner needs to discover information from the ISAP program relating to the handling of his ISAP supervision and the decision to impose a five day per week reporting schedule despite the hardship it would produce; the source of the ISAP program's authority to impose such requirements; statistics on the supervision requirements of other comparably situated aliens in the ISAP program; and records of attempts made by Petitioner to address the overly rigorous reporting requirements and the reactions he received.

20. Petitioner needs to discover information from ICE's Office of Deportation and Removal Operations headquarters in Washington DC regarding the supervision of Petitioner's case; the creation and supervision of the ISAP program more generally; and how and why the decision to arrest and deport Petitioner during the pendency of his legal proceedings was made. This information is necessary to show that Respondent is ultimately responsible for the decisions made as part of the ISAP supervision program.

21.     Finally, Petitioner needs to discover information regarding all communications between ICE or counsel for the Respondent and the BIA related to the handling of Petitioner's Motion to Reopen, and specifically whether undue and improper ex parte influence was exerted by the Government on the BIA to affect the disposition of the case.

22.     Petitioner proposes the following schedule, to be further discussed at a discovery scheduling conference:

- Counsel for Petitioner submits interrogatories and document requests within 14 days of the Court's order granting discovery, or within 14 days after the due date for the submission of briefs on the legal issues discussed above, whichever is later.
- Respondent has 30 days to respond to interrogatories and produce requested documents.
- Counsel for Petitioner submits notices of deposition (if any) within 7 days of receipt of all interrogatory responses and document production by the Respondent.
- Depositions to be completed within 45 days of service of notice.

### B. **RESPONDENTS' POSITION**

23.     It is the Respondents' position that briefing on the merits of Petitioner's claims is not appropriate at this time.  The Court's jurisdiction must be established as a threshold matter, and it is the Respondents' position that the Court lacks jurisdiction.  Respondents intend to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (3) and (6).

24. This Court lacks subject matter jurisdiction because Petitioner's claims are collateral to, and arise from, his removal. The BIA's June 23, 2008 decision constitutes a final order of removal that is reviewable only in the appropriate court of appeals.

25. Also, the Court lacks jurisdiction over Petitioner's remaining habeas claims. It is settled law that in habeas cases involving present physical confinement, jurisdiction lies only in the district of confinement. The proper respondent to Petitioner's habeas petition is the warden of the Maryland facility where he is incarcerated, and this Court does not have personal jurisdiction over the warden of a federal institution in Maryland. Finally, venue is not proper as all acts complained of occurred within the State of Maryland.

26. Additionally, Petitioner's claims are moot. To the extent the Petition claimed that Petitioner would be removed while his motion to reopen was pending before the BIA, the claim is moot because on June 23, 2008, the BIA adjudicated Petitioner's motion to reopen. To the extent the Petition claimed that Petitioner was incarcerated pursuant to the ISAP program, that claim is moot because Petitioner is now incarcerated pursuant to 8 U.S.C. § 1231(a)(1)(C), which states that an alien may remain in detention if he "acts to prevent [his] removal[.]"

27. Accordingly, Respondents intend to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (3) and (6). Respondents propose the following briefing schedule on the Respondents' Motion to Dismiss:

- Respondents file a Motion To Dismiss on or before July 29, 2008;
- Petitioner files any response on or before August 29, 2008;
- Respondents file any reply on or before September 8, 2008.

It is the Respondents' position that discovery is not appropriate in this matter. To the extent that Petitioner seeks to challenge his removal from the United States, judicial review is

conducted solely on the "administrative record," pursuant to 8 U.S.C. § 1252(b)(4). To the extent that Petitioner seeks to challenge his present incarceration, Petitioner has not articulated any basis for exempting this case from the general rule that discovery does not take place in habeas challenges. Petitioner has not shown "good cause" for discovery as required by Habeas Corpus Rule 6(a) and Harris v. Nelson, 394 U.S. 286, 295 (1969).

Respectfully submitted on this 15th day of July, 2008 by:

For the Petitioner:

*Morton Sklar*

Morton Sklar
Executive Director, and
Lynsay Gott
Refugee Project Associate
World Organization for Human Rights USA
2029 P Street, NW, Ste. 301
Washington, DC 20036
(202) 296-5702
msklar@humanrightsusa.org
lgott@humanrightsusa.org

For the Respondents:

Elizabeth J. Stevens
Assistant Director

*Kathryn L. Moore*
KATHRYN L. MOORE
Trial Attorney
Office of Immigration Litigation, District Court Section
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 305-7099