UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**JEAN MARC NKEN**,
         Petitioner,

v.                              Case No. 08-cv-1010 (CKK)

**MICHAEL CHERTOFF**,
         Respondent.

## MOTION TO DISMISS

The respondent, Michael Chertoff, hereby moves to dismiss the complaint under Fed. R. Civ. P. 12 (b)(2) and (3). In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities.

                              Respectfully submitted,

                              GREGORY G. KATSAS
                              Assistant Attorney General
                              Civil Division

                              David J. Kline
                              Director, District Court Section

                              Elizabeth J. Stevens
                              Assistant Director, District Court Section

                              _____
                              KATHRYN L. MOORE
                              Trial Attorney, District Court Section
                              Office of Immigration Litigation
                              Civil Division
                              U.S. Department of Justice
                              P.O. Box 868, Ben Franklin Station
                              Washington, D.C. 20044
July 29, 2008                      (202) 305-7099

**TABLE OF CONTENTS**

I. PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A. The Court Lacks Jurisdiction Over The Petitioner's Habeas Claims. . . . . 4

    B. Venue Is Not Appropriate In This District. . . . . . . . . . . . . . . . . . . . . . . . . 7

        1. Venue Is Not Appropriate In The District Of Columbia . . . . . . . . . 8

        2. Dismissal, Rather Than Transfer, Is The Proper Course
           In This Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CERTIFICATE OF SERVICE

**TABLE OF AUTHORITIES**

**CASES**

*2215 Fifth St. Assocs. v. U Haul Int'l, Inc.*,
    148 F. Supp. 2d 50 (D.D.C. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Abu Ali v. Ashcroft*,
    350 F. Supp. 2d 28 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Alvarez-Mendez v. Stock*,
    941 F.2d 956 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Braden v. 30th Judicial Circuit Court of Kentucky*,
    410 U.S. 484 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Cameron v. Thornburgh*,
    983 F.2d 253 (D.C. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Chatman-Bey v. Thornburgh*,
    864 F.2d 804 (D.C. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Darby v. U.S. Dep't of Energy*,
    231 F. Supp. 2d 274 (D.D.C. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Spotts v. United States*,
    2008 WL 2485574 (D.D.C. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Fletcher v. Reilly*,
    433 F.3d 867 (D.C. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Freeman v. Fallin*,
    254 F. Supp. 2d 52 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

*Great Socialist People's Libyan Arab Jamahiriya v. Miski*,
    496 F. Supp. 2d 137 (D.D.C. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Joyner v. District of Columbia*,
    267 F. Supp. 2d 15 (D.C. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Lamont v. Haig*,
    590 F.2d 1124 (D.C. Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Martinez-Vazquez v. INS*,
    346 F.3d 903 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Mathis v. Geo Group, Inc.*,
    535 F. Supp. 2d 83 (D.D.C. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

*Nken v. Gonzales*,
    227 Fed. Appx. 265 (4th Cir. April 3, 2007)............................................................1

*Nken v. Mukasey*,
    2008 WL 961628 (4th Cir. April 9, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Packer v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*,
    728 F. Supp. 8 (D.D.C. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Poullard v. Federal Bureau of Prisons*,

535 F. Supp. 2d 146 (D.D.C. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Preiser v. Rodriguez*,
    411 U.S. 475 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*\*Rumsfeld v. Padilla*,
    542 U.S. 426 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Sadhavani v. Chertoff*,
    460 F. Supp. 2d 114 (D.D.C. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Spencer v. Kemna*,
    523 U.S. 1 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Starnes v. McGuire,
    512 F.2d 918 (D.C. Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Stewart Organization v. Ricoh Corp.,
    487 U.S. 22 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*\*Stokes v. U.S. Parole Comm'n*,
    374 F.3d 1235 (D.C. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**STATUTES**

8 U.S.C. § 1231(a)(1)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11

*28 U.S.C. § 1391(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9, 10

28 U.S.C. § 1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 U.S.C. § 1406(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*28 U.S.C. § 2241 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*28 U.S.C. § 2242 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*28 U.S.C. § 2243 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

By Order dated July 16, 2008, the Court ordered briefing by the parties to the following initial issues: (1) jurisdiction over Petitioner's habeas claims (as opposed to subject matter jurisdiction); and (2) venue for Petitioner's claims.

**I.     PROCEDURAL HISTORY**

Petitioner Jean Marc Nken is a native and citizen of Cameroon who entered the United States in 2001 and applied for asylum the same year. (Am. Compl. ¶ 13.) On March 4, 2005, an immigration judge denied Mr. Nken's applications for asylum and related forms of relief and ordered him removed to Cameroon. (Am. Compl. ¶ 5.) On June 16, 2006, the Board of Immigration Appeals ("Board") affirmed the decision of the immigration judge. (Am. Compl. ¶ 5.) On petition for review, the Fourth Circuit Court of Appeals upheld the Board's decision. *Nken v. Gonzales*, 227 Fed. Appx. 265 (4th Cir. April 3, 2007). The court concluded that "substantial evidence supports both the immigration judge's adverse credibility finding and its ultimate findings that Mr. Nken is ineligible for asylum, withholding of removal, and protection under the CAT [Convention Against Torture.]" *Id.* at 265.

On three occasions thus far, Mr. Nken has asked the Board to reopen his proceedings. On September 27, 2006, the Board denied his motion asking the Board to reconsider its adverse credibility determination and to reopen proceedings based on his marriage to a U.S. citizen. Mr. Nken does not appear to have filed a petition for review of that decision. On June 7, 2007, the Board denied Mr. Nken's second motion to reopen

1

based on his marriage to a U.S. citizen.  On review, the Fourth Circuit Court of Appeals upheld the Board's decision.  *Nken v. Mukasey*, 2008 WL 961628 (4th Cir. April 9, 2008) (denying petition for review).

On June 23, 2008, the Board denied Mr. Nken's third motion to reopen.[1]  (Joint Status Rpt. ¶ 5.)  Mr. Nken indicated that he intended to file a petition for review of the Board's June 23, 2008 decision with the Fourth Circuit Court of Appeals.  (Joint Status Rpt. ¶ 10.)  PACER reflects that Mr. Nken filed his petition for review on July 23, 2008.

On June 13, 2008, Mr. Nken filed an Emergency Petition for Writ of Habeas Corpus, Injunctive Relief, and Stay of Removal.  On June 18, 2008, the Court dismissed the portion of the Petition that requested an emergency stay of removal.  By Order dated July 16, 2008, the Court ordered this briefing.

---

[1] A substantial portion of the Amended Complaint concerns the misleading allegation that the Board has failed to adjudicate Mr. Nken's latest motion to reopen. (Am. Compl. ¶¶ 1-2, 4, 9, 10, 46, 49, 57-59, 69, 76-88.)

This allegation is not accurate.  On June 23, 2008 – four days before Mr. Nken filed the Amended Petition, in fact – the Board adjudicated the motion.  Mr. Nken's counsel could have uncovered this fact through a reasonable inquiry under the circumstances, because the Board operates a 24-hour, automated, telephonic case notification system.  On June 30, 2008, respondents notified Mr. Nken's counsel and provided a copy of the Board's decision.  (Joint Status Rpt. ¶ 7.)

## II.    ARGUMENT

Mr. Nken brings his present action under 28 U.S.C. § 2241, which grants federal district courts the authority to hear applications for habeas corpus. Under § 2241, an individual is required to be "in custody under or by authority of the United States" in order to file a habeas petition. 28 U.S.C. § 2241(c)(1). "It is clear . . . that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Mr. Nken does not, however, appear to state any claim that is cognizable under the writ of habeas corpus.

Mr. Nken argues that he is not challenging the fact or duration of his confinement. (Joint Status Rpt. ¶ 14, stating that "Petitioner is not directly challenging his physical confinement[.]") His petition purports to address "issues associated with his removal during pendency of administrative claims." (Am. Compl. ¶ 46.) As this Court has already concluded, the REAL ID Act bars claims that are collateral to, and arise from, Mr. Nken's final order of removal. *See* Memorandum Opinion (citing *Sadhavani v. Chertoff*, 460 F. Supp. 2d 114, 120-21 (D.D.C. 2006), aff'd 2008 WL 2185344 (May 13, 2008)).

Mr. Nken's remaining claims challenge the "arbitrary" and "rigorous" administration of his supervised parole under the ISAP program. (Am. Compl. ¶¶ 1, 4, 15-18, 21.) These claims fail to acknowledge that the parameters of Mr. Nken's detention have changed. Mr. Nken is no longer held in custody pursuant to his parole violation. As

he concedes, Mr. Nken acted to prevent his removal on June 19, 2008. (Joint Status Rpt. ¶ 7.) He is now held in custody under 8 U.S.C. § 1231(a)(1)(C), which states that an alien may be detained if the alien "acts to prevent [his own] removal[.]" Thus, the claim that Nken's supervised parole was wrongfully revoked is now moot. *Martinez-Vazquez v. INS,* 346 F.3d 903, 908 (9th Cir. 2003) ("a petition for habeas corpus . . . involves the legality of an alien's ***present*** detention and should be analyzed under the current statute") (emphasis in original); *Alvarez-Mendez v. Stock*, 941 F.2d 956, 960 (9th Cir. 1991) (same); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (a habeas petitioner challenging an already-served sentence is required to allege a concrete "injury-in-fact").

Nevertheless, Mr. Nken does request that the Court order his release. (Am. Compl. at 13.) To the extent that Mr. Nken's petition can be construed as a proper challenge to his present incarceration under 8 U.S.C. § 1231(a)(1)(C), the petition must be dismissed because the Court lacks jurisdiction over his habeas claims and, separately, because venue is not proper in the District of Columbia.

### A.     The Court Lacks Jurisdiction Over The Petitioner's Habeas Claims.

28 U.S.C. §§ 2242 and 2243 set forth the procedure to be followed to bring a petition and to obtain habeas relief. Specifically, an application "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. The court must then issue the writ or issue an order to show cause why the writ should not be granted. *See* 28 U.S.C. § 2243. That document "shall be directed to the person having

custody of the person detained." *Id*. Furthermore, unless the petition raises only issues of law, "the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained." *Id*.

These procedural requirements establish that "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973); *accord Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988) (the Court "may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner.") The habeas statute requires "nothing more than that the court issuing the writ have jurisdiction over the custodian." *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (citing *Braden*, 410 U.S. at 495).

The "immediate custodian rule" is the default rule in habeas challenges to present physical confinement within the United States. *Rumsfeld*, 542 U.S. at 435. In accordance with the immediate custodian rule, the only proper respondent to a habeas petition is the warden of the facility where the prisoner is being held at the time the petition is filed, and not some other, remote supervisory official. *Rumsfeld*, 542 U.S. at 435; *Fletcher v. Reilly*, 433 F.3d 867, 875 (D.C. Cir. 2006).

None of the judicially recognized exceptions to the immediate custodian rule apply in Mr. Nken's case. For example, this Court recognized an exception in cases where Americans are confined overseas. *See Abu Ali v. Ashcroft*, 350 F. Supp. 2d 28, 43 (D.D.C. 2004). Courts also recognize an exception in cases where "*there was no*

5

immediate physical custodian with respect to the 'custody' being challenged." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238 (D.C. Cir. 2004) (emphasis in original and quoting *Padilla*, 542 U.S. at 439). In *Braden,* for example, an Alabama prisoner filed a habeas petition in the Western District of Kentucky because the prisoner contested his anticipated confinement in Kentucky, not his present confinement in Alabama. *See Padilla,* at 542 U.S. at 438 (discussing *Braden*). Notwithstanding these limited exceptions, "in habeas cases involving 'present physical confinement, jurisdiction lies in only one district: the district of confinement." *Stokes*, 374 F.3d at 1239 (quoting *Padilla*, at 443).

At the time Mr. Nken filed his petition, the warden of the Maryland facility "exercised day-to-day control" over him. *See Padilla*, 542 U.S. at 427; *accord Stokes*, 374 F.3d at 1238. Therefore, the only proper respondent to Mr. Nken's habeas petition is the warden of the Maryland facility where Mr. Nken is incarcerated. As this Court does not have jurisdiction over the warden of a federal institution in Maryland, this Court cannot consider this petition. Even assuming, for purposes of this motion, that the "ISAP officials and their ICE supervisors" in Baltimore, Maryland (Am. Compl. ¶ 15) "exercised day-to-day control" over Nken, this Court lacks jurisdiction over those officials.

### B. Venue Is Not Appropriate In This District.

Rule 12(b)(3) instructs courts to dismiss or transfer a case if venue is improper or inconvenient in a plaintiff's chosen forum. Fed.R.Civ.P. 12(b)(3). When federal jurisdiction is not premised solely on diversity, 28 U.S.C. § 1391(b) controls venue, establishing that venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). A judicial district in which a federal officer resides means the "official residence" of the defendant, i.e., "where the official duties are performed." *Lamont v. Haig*, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978).

If the district in which the action is brought does not meet the requirements of section 1391(b), then that district court may either dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

"Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). In ruling on a motion to dismiss based on improper venue, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Darby v.*

7

*U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002); *2215 Fifth St. Assocs. v. U Haul Int'l, Inc.*, 148 F. Supp. 2d 50, 54 (D.D.C. 2001). The court need not, however, accept a plaintiff's legal conclusions as true. *2215 Fifth St. Assocs.*, 148 F. Supp. 2d at 54.

### 1. Venue Is Not Appropriate In The District Of Columbia As This Case Has An Inadequate Connection To Washington, D.C.

Notwithstanding the "strong presumption" that usually exists in favor of a plaintiff's choice of forum, *Mathis v. Geo Group, Inc.*, 535 F. Supp. 2d 83, 87 (D.D.C. 2008), in habeas corpus cases, venue is not likely to be proper in the District of Columbia where the prisoner was not sentenced and is not confined in the District of Columbia. *Starnes v. McGuire*, 512 F.2d 918, 931 (D.C. Cir. 1974). In this case, Mr. Nken has not satisfied the bases for venue under 28 U.S.C. § 1391(b).

Under 28 U.S.C. § 1391(b)(1), Mr. Nken has not shown that the District of Columbia is "a judicial district where any defendant resides[.]" Mr. Nken alleges that named respondent Michael Chertoff, who is Secretary of the Department of Homeland Security, "exercises primary supervisory power . . . over the policies and practices leading to [Mr. Nken's] imminent and unlawful deportation." (Am. Compl. ¶ 37.) This Court has repeatedly admonished that when a plaintiff files suit in the District of Columbia, courts in the District must investigate claims of venue very closely. *Poullard v. Federal Bureau of Prisons*, 535 F. Supp. 2d 146, 149 (D.D.C. 2008). Otherwise, "[b]y naming high government officials as defendants, a plaintiff could bring suit here that properly should

8

be pursued elsewhere." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993) (ruling that the District of Columbia was not the proper venue); *accord Joyner v. District of Columbia*, 267 F. Supp. 2d 15, 20-21 (D.C. Cir. 2003) (same). And as discussed above, Secretary Chertoff is not the appropriate respondent to Mr. Nken's habeas petition because he is not Mr. Nken's "immediate custodian" for purposes of the writ.

Under 28 U.S.C. § 1391(b)(2), Mr. Nken has not established that "a substantial part of the events or omissions giving rise to the claim occurred" in this District. Mr. Nken contends that venue is proper in District of Columbia because "[a]ll ICE field offices and ISAP offices are overseen by DHS in Washington, D.C." (Am. Compl. ¶ 37.) He elaborates that "the decision to create the ISAP program" was made in Washington, D.C., and he claims that "[s]upervision and decisions" are "carried out by DHS officials in Washington, D.C." (Am. Compl. ¶ 37.) The allegation that local decisions derive from national policies cannot justify venue in this District. *See Starnes v. McGuire*, 512 F.2d 918, 928 (D.C. Cir. 1974) (noting that "far from creating a blanket rule that 'national policy' cases should be brought here," judicial precedent required a "case-by-case determination."); *see also Cameron*, 983 F.2d at 258 (rejecting venue where claims against defendants were "based upon the bare assumption that policy decisions made in Washington might have affected [the plaintiff's] treatment").

Similarly, Mr. Nken's bare assumption that "all of his case documentation [was] reviewed by officials in the District Columbia" (Am. Compl. ¶ 37) cannot justify venue. "[T]he measure of the contacts giving rise to where the claim arose is "ascertained by

advertence to events having operative significance in the case[.]" *Great Socialist People's Libyan Arab Jamahiriya v. Miski*, 496 F. Supp. 2d 137, 142 (D.D.C. 2007). All of the events having operative significance took place in the District of Maryland. Prior to his arrest, Mr. Nken lived in Hyattsville, Maryland. (Am. Compl. ¶ 16.) Mr. Nken was enrolled in a parole program supervised by "the ISAP office in Baltimore." (Am. Compl. ¶ 6.) Mr. Nken was arrested "outside his family home" in Maryland and he is detained in Maryland. (Am. Compl. ¶ 10.) On the other hand, the alleged review of Mr. Nken's "case documentation" has no apparent bearing on any of the claims in his complaint. Thus, even if this thin assumption is accepted as true for purposes of this motion, Mr. Nken has not shown that "a s*ubstantial* part of the events or omissions giving rise to the claim occurred" in this District. *See* 28 U.S.C. § 1391(b)(2). In any event, Mr. Nken's argument that supervisory officials located in the District reviewed his documentation is simply another flavor of naming high government officials in order to manufacture venue in the District of Columbia where venue does not truly exist.

Accordingly, Mr. Nken has not and cannot meet his burden of establishing that venue is proper in the District of Columbia under 28 U.S.C. § 1391(b). *See Freeman v. Fallin*, 254 F. Supp. 2d at 56 (the plaintiff bears the burden of establishing that venue is proper).

### 2. Dismissal, Rather Than Transfer, Is The Proper Course In This Case.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision of whether dismissal or transfer is "in the interest of justice" is committed to the sound discretion of the district court. *Mathis v. Geo Group, Inc.*, 535 F. Supp. 2d at 86 (*citing Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).

The "threshold question" under section 1404(a) is whether this action might have been brought in another district, such as the District of Maryland. *Stewart Organization v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Spotts v. United States*, --- F. Supp. 2d ----, 2008 WL 2485574, *3 (D.D.C. 2008). It is plainly evident that Mr. Nken could ***not*** have brought this action in another district. Mr. Nken's claims challenge the execution of his removal order and therefore are barred from any judicial review under the REAL ID Act. "Courts are in agreement that a district where plaintiff's action 'might have been brought' is one that has subject matter jurisdiction[.]" *Packer v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, 728 F. Supp. 8, 12 (D.D.C. 1989). And, as previously noted, to the extent that Mr. Nken raises claims with respect to the ISAP program, those claims are now moot because he is presently held in custody under 8 U.S.C. § 1231(a)(1)(C), which states that an alien may be detained if the alien "acts to prevent [his own] removal[.]" Therefore, dismissal, and not transfer, is the proper course in this case.

### III. CONCLUSION

For the reasons stated above, Petitioner's Amended Complaint should be dismissed.

                                        Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General
Civil Division

David J. Kline
Director, District Court Section

Elizabeth J. Stevens
Assistant Director, District Court Section

/s/
KATHRYN L. MOORE
Trial Attorney, District Court Section
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 305-7099

July 29, 2008                                    ATTORNEYS FOR THE RESPONDENT

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on July 29, 2008, this **MOTION TO DISMISS** was served pursuant to the district court's ECF system as to the following ECF filers:

    Mr. Morton Sklar
    World Organization For Human Rights USA
    2029 P Street, NW, Suite 301
    Washington, DC 20036
    (202) 296-5702
    msklar@humanrightsusa.org


/s/ _____
KATHRYN L. MOORE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**JEAN MARC NKEN**,
    Petitioner,

        v.            Case No. 08-cv-1010 (CKK)

**MICHAEL CHERTOFF**,
    Defendant.

**O R D E R**

AND NOW, this ___ day of _____, 2008, upon consideration of the Defendant's Motion to Dismiss and the memoranda submitted in support thereof and in opposition thereto, IT IS HEREBY ORDERED that:

1.    The Motion to Dismiss is GRANTED.

 

_____
COLLEEN KOLLAR-KOTELLY
United States District Court Judge